Supreme Court, Onondaga Special Term, March, 1904. Unreported.

In the Matter of the Petition of PATRICK W. CULLINAN, State Commissioner of Excise, for an Order Revoking and Cancelling Liquor Tax Certificate No. 30,285, Issued to CASPER SUPARIO.

*William E. Schenck, Esq.,* and *S. H. Salisbury, Esq.,* for the petitioner.

*Joseph H. Bondy, Esq.,* for the defendant.

ANDREWS, J.: The petition for the cancellation of the liquor tax certificate held by the defendant Supario must be denied.

There is a dispute both as to the identification of Supario with the man who sold the liquor to the minors on the night in question, and as to the premises on which the liquor was sold. The testimony of the two witnesses for the petitioner as to the identification of the person, weakened as it is on cross-examination, and directly contradicted by the witnesses for the defendant, is not sufficient to justify a finding. Nor is the testimony of the petitioner as to the place where the liquor was sold, sufficient. Of the four of the boys who were present when the liquor was purchased, Gejenski does not attempt any identification whatever. Sebetski says that the purchase was made at a liquor store upon which was the sign "Supario." In this he apparently was mistaken as the sign was not in position on the night in question. Neither of these boys was taken to the place in question subsequently and allowed to identify it as could easily have been done by them. Fraser and Ruschenski did return to the place, and did identify it, but their evidence is weakened on cross-examination. The one piece of evidence that would have been absolutely conclusive, assuming that the two last witnesses intended to tell the truth, is not produced. Both testified that when the purchase was made two trade tickets were handed them, but just what these tickets contained does not appear. Two tickets are pinned to the original petition, but if these are the ones in question they were not identified and offered in evidence, and the referee informs me that they were never submitted to him for examination. The failure of the petitioner to produce evidence of this character in his possession casts discredit upon the whole testimony of his witnesses. The evidence of the two boys is further

denied by the defendant and by three other men, who testify that they were in the defendant's store on the night in question, and that no sales were made to Fraser and Ruschenski.

The proceedings herein are, therefore, dismissed.